

**New Orleans**
201 St. Charles Avenue
Suite 3710
New Orleans, LA 70170-1000

(504) 522-3303 Tel
(504) 529-3850 Fax

Writer's Direct Dial:
504-592-3801

Writer's E-mail:
eharold@fisherphillips.com

June 6, 2024

**VIA CM/ECF**
Lyle W. Cayce
Clerk of Court
United States Court of Appeals Fifth Circuit
F. Edward Hebert Bldg.
600 S. Maestri Place
New Orleans, LA 70130-3408

  Re: *Capstone Logistics v. NLRB* – No. 23-60513
     Petitioner Capstone Logistics Rule 28(j) Letter

Dear Mr. Cayce:

  In *Thryv v. N.L.R.B.*, No. 23-60132 (5th Cir. May 24, 2024), the Court rejected the NLRB's position that 29 U.S.C. § 160(e) forecloses a party from raising an issue on appeal that was not the subject of a specific exception before the NLRB. The Court explained that, because the statute provides that a party need only urge an issue "before the [NLRB], *its member, agent, or agency*" to preserve it for review, a party does not waive the right to raise an issue on appeal if the issue was raised at the trial stage.

  Respondent argues that, under 29 U.S.C. § 160(e), this Court is "jurisdictionally barred" from considering whether Henson's LinkedIn message to Rouse was unprotected as "disloyal" or "disparaging," and whether Griffin had knowledge of Henson's message, because Petitioner did not except to the ALJ's findings on those issues. *See* R. Br. 24-25, 28. However, no specific exceptions were raised by Petitioner *because the ALJ ruled in Petitioner's favor*.

  The *Thryv* Court explained, in similar circumstances, why a party need not except on every issue before the NLRB to obtain appellate review:

> It is true that in theory, Thryv could have put the issue before the [NLRB] earlier by excepting to the ALJ's finding that Thryv had an obligation to bargain. But the ALJ found Thryv's layoffs did not violate the NLRA. So the ALJ's finding that Thryv had an obligation to bargain about the layoffs at all was a subsidiary finding

**Fisher & Phillips LLP**

Atlanta · Baltimore · Boston · Charlotte · Chicago · Cleveland · Columbia · Columbus · Dallas · Denver · Detroit · Fort Lauderdale · Gulfport · Houston
Irvine · Kansas City · Las Vegas · Los Angeles · Louisville · McLean · Memphis · Minneapolis · Nashville · New Jersey · New Orleans · New York · Orlando
Philadelphia · Phoenix · Pittsburgh · Portland · Sacramento · San Diego · San Francisco · Seattle · Tampa · Washington, DC · Woodland Hills

FP 50848522.1

that had no bearing on the question of Thryv's liability. Thryv therefore had "no grounds for objection until after the [NLRB's] decision." [Citations omitted]

Like the employer in *Thryv*, Petitioner had no grounds for excepting to any of the ALJ's subsidiary findings concerning the LinkedIn message when the ALJ found Henson's discharge was not unlawful. Petitioner raised the issue at the first practical time—after the NLRB issued its decision. Moreover, General Counsel *did* except to the ALJ's findings concerning the LinkedIn message, including that it did not constitute protected concerted activity. *See* R. Br. 24. Consequently, under *Thryv*, the NLRB's waiver argument should be rejected.

Sincerely,

Edward F. Harold
For FISHER & PHILLIPS LLP

EFH:bll